## No. 300

## OHIO FARM. INS. CO. v. GRADSKY et

No. 666. Decided Feb. 1, 1926

Ohio Appeals, 2nd Dist., Montgomery Co.

647. INSURANCE—When policy of fire insurance provides that in case of fire, the amount of said policy be paid to mortgagee, which is done, the insurance company taking an assignment from the mortgagee to the extent of this amount, it is within the terms of the policy and the mortgagor cannot recover the amount of the policy.

BY THE COURT.

Ben and Tenia Graasky brought suit in the Montgomery Common Pleas upon a fire insurance policy issued by the Ohio Farmers Insurance Co. for $3500 and recovered judgment for the full amount of their claim. The policy of insurance contained a clause that "the loss or damage, if any, resulting under this policy shall be payable to the Franklin Savings & Loan Association of Dayton, as first mortgagee, as interest may appear."

At the time the policy was issued, the Loan Co. held a mortgage in excess of the amount of the policy. After the fire, Gradskys made a proof of loss showing that the Loan Co. was mortgagee and the amount due under said mortgage and the Insurance Co. paid to the Loan Co. the amount of said policy.

The Insurance Co. upon the theory that the policy was void, as to Gradsky by reason of the vacancy of the premises and the giving of

## STATE COURT OF APPEALS—Continued

a subsequent mortgage, took an assignment to the extent of $3500 of the mortgage of the Loan Co. and the question arose as to whether or not Gradsky had a cause of action against the Insurance Co.; and whether the judgment in his favor was authorized by the facts. Error was prosecuted from the judgment of the Common Pleas and the Court of Appeals held:

1. The fact that the original mortgage was renewed by the giving of a new mortgage would not, under the facts, affect the question or prevent recovery by the mortgagee.

2. Gradsky contends that the amount of the policy having been paid to the mortgagee, and the Insurance Co. having taken an assignment in the amount of said payment, that the case would be the same as if the amount of the policy had not been paid to the mortgage.

3. The Insurance Co., however, paying the amount of its policy to the mortgagee and taking an assignment, was pursuing a remedy provided for by the policy.

4. In any event this would not give the Gradskys a right which they did not before possess, to wit:—to recover a money judgment against the Insurance Co.

5. The payment to the mortgagee was one under the terms of the policy and discharged it so far as the Insurance Co. was concerned.

Judgment reversed and cause remanded.

Attorneys—Matthews & Matthews, Dayton, and Frank Taggart and Don McVay, Wooster, for Company; I. L. Jacobson and W. S. Rhotehamel, Dayton, for Gradsky et.